IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEENAN KESTER COFIELD | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. CCB-07-1471 |
| | | |
| MARYLAND PAROLE COMMISSION | * | |
| ITS COMMISSIONER/SECRETARY | | |
| MARYLAND DIVISION OF | * | |
|   CORRECTIONS | | |
| INMATE GRIEVANCE OFFICE, | * | |
|   DIRECTOR | | |
| STATE OF MARYLAND | * | |
| U.S. MARSHAL SERVICE | | |
| FEDERAL BUREAU OF PRISONS, | * | |
|   DIRECTOR | | |
| NEOCC/CCA-WARDEN TAPIA FOR | * | |
|   STATE OF MD & U.S. MARSHAL/BOP | | |
| Respondents. | * | |

***

## **MEMORANDUM**

This action, filed on 28 U.S.C. § 2241 habeas corpus forms, was received on June 1, 2007. Petitioner states that prior to February 24, 2004, he was placed on house arrest/home detention/home confinement while on state probation. Paper No. 1. He further claims that on February 24, 2004, he was placed on federal house arrest, with various conditions. *Id*. Petitioner alleges that on February 24, 2005, he was sentenced on the state charges and received a four-year term of imprisonment, concurrent with any other sentence.

Petitioner complains that he had requested the state court to award him credits for any and all time served while on home detention under Md. Code Ann., Crim. Proc., §§ 6-218(b) and 6-219 (e), but Baltimore County Circuit Court Judge John Turnbull denied same. He states that he filed numerous motions to correct illegal sentences and several petitions for habeas corpus relief in various Maryland counties, but relief was denied. Petitioner states that he is currently on mandatory parole from the Maryland Parole Commission until 2009 and that if he received his custodial credits, his parole would immediately expire. Paper No. 1. He seeks the award of custodial credits from

February 24, 2004, to be applied and awarded to *State v. Cofield*, 01CR3968 (Circuit Court for Baltimore County).   Because he appears indigent, petitioner's motion to proceed in forma pauperis shall be granted.   For reasons to follow, the case, construed as a hybrid 28 U.S.C. § 2241 habeas corpus petition and 28 U.S.C. § 1361 petition for writ of mandamus, shall be dismissed without prejudice.

Title 28 of the United States Code § 2241(a), *inter alia*, gives the district courts general jurisdiction and the resulting power to grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).  A petition for writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973).  An application for a writ of habeas corpus "shall allege....the name of the person who has custody over him and by virtue of what claim or authority, if known."  28 U.S.C. § 2242.

Jurisdiction over an action under § 2241 lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located, which ordinarily is also where the petitioner is incarcerated.  *See Braden*, 410 U.S. at 488-89, 495; *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986); *Boone v. United States Parole Commission*, 648 F. Supp.  479, 480 (D. Md.  1986).

Petitioner's 28 U.S.C. § 2241 petition  raises a challenge to the length and duration of his state sentence due to the alleged failure to award custodial credits.  He is, however, currently confined at the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio. Under these circumstances this court has no jurisdiction to adjudicate his 28 U.S.C. § 2241 petition.[1]

---

[1] The docket of this court shows that while confined in the Maryland Division of Correction, petitioner previously filed a § 2241 petition raising the identical claim concerning the award of custodial credits under Md. Code Ann., Crim. Proc., §§ 6-218(b) and 6-219(e).   *See Cofield v. Rouse, et al.*, Civil Action No. CCB-06-909 (D. Md.).  After full briefing, on November 28, 2006, the case was dismissed without prejudice for the failure to exhaust administrative remedies. *Id.*, Paper Nos. 22 & 23.  The court also observed that it appeared that: (1) the state court had  provided petitioner all pre-trial credits to which he is

Alternatively, petitioner seeks to compel this court to take action and direct the award of custody credits under Maryland law. Under § 1361, the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This court does not have jurisdiction over non-federal entities and their employees in an action for writ of mandamus and cannot compel the State of Maryland or the Maryland Parole Commission, Maryland Division of Correction, Maryland Inmate Grievance Commission, and their officers to award petitioner custodial credits. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also AT & T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n. 3 (4th Cir. 1999). Consequently, this claim is subject to dismissal.[2]

For the foregoing reasons, this action shall be dismissed without prejudice. A separate Order follows.

Date:   June 13, 2007                             /s/
                                        Catherine C. Blake
                                        United States District Judge

---

entitled, and (2) the Maryland Division of Correction had accurately calculated, awarded, and credited these and other diminution credits when calculating petitioner's mandatory release date. *Id.*, Paper No. 22 at 7, n. 8.

[2]   Petitioner also names the BOP, U.S. Marshal, and NEOCC Warden Tapia as respondents. Petitioner has, however, failed to show that these respondents have a clear legal duty to do the particular act requested. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Mandamus relief shall not issue as to these respondents.